# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40856

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2015

Lyle W. Cayce
Clerk

EMERALD CITY MANAGEMENT, L.L.C.; EMERALD CITY BAND, INCORPORATED,

   Plaintiffs - Appellees

v.

JORDAN KAHN; JORDAN KAHN MUSIC COMPANY, L.L.C.,

   Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CV-358

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Jordan Kahn appeals the district court's grant of a preliminary injunction preventing Kahn from using the name, "Downtown Fever," in the state of Texas. Kahn first operated a band under the name Downtown Fever in Boston, Massachusetts. Subsequently, he moved to Dallas, Texas, to work for plaintiff-appellee Emerald City Management, L.L.C. ("Emerald City").

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40856

Emerald City hired Kahn to serve, among other things, as the band leader of a new band Emerald City had decided to form.  Kahn suggested the new band be named Downtown Fever and Emerald City agreed, later registering the name as a trademark in Texas.  After several years, Kahn resigned from Emerald City and attempted to market his own Downtown Fever band in the Dallas area, directly in competition with Emerald City's Downtown Fever band.  Emerald City petitioned the district court for a preliminary injunction to block Kahn from using the name Downtown Fever in Texas and the district court granted the injunction.  This appeal followed.

We review a district court's grant of a preliminary injunction for abuse of discretion and its findings of fact for clear error.  *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 306 (5th Cir. 2008) (per curiam).  A preliminary injunction requires a showing of (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm absent an injunction; (3) a balance of hardships favoring an injunction; and (4) no detriment to the public interest.  *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).  We see no abuse of discretion or clear error in the district court's determination that each requirement is satisfied here.

Kahn's principal argument on appeal is that the district court improperly presumed a threat of irreparable harm solely from a likelihood of confusion in the Texas market.  We need not consider the validity of that presumption, however, because the record before us supports a finding of a substantial threat of irreparable harm.  *See Paulsson*, 529 F.3d at 313 (declining to decide whether presumption applies because record indicated that district court's finding of irreparable harm was not clear error).  "The absence of an available remedy by which the movant can later recover monetary damages may be sufficient to show irreparable injury."  *Id.* at 312 (alterations and quotation

2

marks omitted).  In *Paulsson*, we held that damage could not be fully repaired by monetary remedies where the small community of the plaintiff's potential customers may have been confused by the defendants providing services under the plaintiff's mark; there was a threat to the goodwill and value of the plaintiff's mark because the defendants were continuing to use the mark while modifying the product associated with it; and any damage to goodwill could not be quantified.  *Id.* at 313; *see also Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 726 (3d Cir. 2004) ("Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill." (citation omitted)); *Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001) ("The most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendants' goods." (citation omitted)).  Here, the evidence supports finding that Emerald City has developed goodwill for the Downtown Fever name in Texas over the course of several years; that Kahn intends to play as Downtown Fever in the Dallas area in the immediate future; and that Kahn has contacted customers of Emerald City informing them of his band by the same name and has sought business from those customers.  Not only has the existence of two bands by the name Downtown Fever in the Dallas area caused confusion, but Emerald City has no means of managing the content and quality of Kahn's Downtown Fever band, and thereby has lost control over the mark's reputation and goodwill.  Since the damage caused by Emerald City's loss of control over the Downtown Fever mark cannot be quantified, the district court did not clearly err in finding a substantial risk of irreparable harm.

Kahn also argues that Emerald City has not shown a likelihood of success on the merits because Emerald City did not adopt the Downtown Fever mark in good faith, as is required when a junior user seeks to enjoin a senior user's use of a mark.  *See Emergency One, Inc. v. Am. Fire Eagle Engine Co.*,

332 F.3d 264, 271 (4th Cir. 2003).  The record, however, abundantly supports a finding of good faith.  There is credible evidence that Kahn agreed to Emerald City's use of the name Downtown Fever in Texas and there is no evidence Emerald City intended to benefit from any goodwill Kahn may have established for the name Downtown Fever in Boston.  The district court did not err in finding a likelihood of success on the merits.

After considering the written and oral arguments of the parties and the evidence of record, we AFFIRM the judgment of the district court for the reasons described above.